IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
Kansas City Division

RONALD P. TAYLOR,
    Plaintiff,

v.

TRANS UNION LLC,
    Defendant.

Civil Action No. _____

## DEFENDANT TRANS UNION LLC'S NOTICE OF REMOVAL

COMES NOW, Trans Union LLC ("Trans Union"), and files this Notice of Removal pursuant to 28 U.S.C. §1446(a) and in support thereof would respectfully show the Court as follows:

### A. Procedural Background

1. On or about February 11, 2014, Plaintiff Ronald P. Taylor ("Plaintiff") filed the Complaint in this action in the District Court of Wyandotte County, Kansas ("State Court Action") alleging violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, et seq., against Trans Union LLC.

2. The time period for filing a responsive pleading in the State Court Action has not expired as of the filing of this Notice of Removal. No orders have been entered in the State Court Action as of the filling of this Notice of Removal.
Defendant Trans Union LLC was served with Plaintiff's Complaint on February 13, 2014 This Notice of Removal is being filed within the thirty (30) day time period required by 28 U.S.C. §1446(b).

### B. Grounds for Removal

3. The present suit is an action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331, as it is a civil action founded on a claim or right arising

under the laws of the United States, and may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1446(b). Removal is thus proper because Plaintiff's claims present a federal question. 28 U.S.C. §§ 1331 and 1441(a). In the Complaint, Plaintiff seeks damages for Defendants' alleged violations of the Federal Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., and the Fair Debt Collection Practices Act 15 U.S.C. § 1692, et seq.

### C. Compliance with Procedural Requirements

4. Pursuant to 28 U.S.C. § 1446(b), this Notice is being filed with this Court within thirty (30) days after Trans Union LLC was first served with the Complaint, the initial pleading setting forth the claims for relief upon which Plaintiff's action is based.

5. Pursuant to 28 U.S.C. § 1441(a), venue of the removal action is proper in the District of Kansas, Kansas City Division because it is in the district and division embracing the place where the state court action is pending.

Promptly after the filing of this Notice of Removal, Trans Union shall give written notice of the removal to the Plaintiff and will file a copy of this Notice of Removal with the District Court of Wyandotte County, Kansas, as required by 28 U.S.C. § 1446(d). Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon the Defendant Trans Union in the State Court Action is attached hereto as **"Exhibit A"**.

6. Trial has not commenced in the District Court of Wyandotte County, Kansas.

### DESIGNATION OF PLACE OF TRIAL

Trans Union LLC, hereby designates the place of trial as Kansas City, Kansas.

WHEREFORE, Trans Union LLC respectfully prays that the action be removed to this Court and that this Court assume full jurisdiction as if it had been originally filed here.

Dated: March 6, 2013

Respectfully submitted,

/s/ Bryan E. Mouber
**BRYAN E. MOUBER** #19710
mouber@bscr-law.com
**JAMES S. KREAMER** #14374
kreamer@bscr-law.com
**BAKER, STERCHI, COWDEN & RICE LLC**
9393 West 110th Street
Suite 500
Overland Park, KS 66210
Telephone:   (913) 451-6752
Facsimile:   (816) 472-0288
***Counsel for Trans Union LLC***

3

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of March, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

A.J. Stecklein
AJ@KCconsumerlawyer.com
Michael H. Rapp
MR@KCconsumerlawyer.com
Consumer Legal Clinic LLC
748 Ann Ave.
Kansas City, KS 66101
(913) 371-0727
(913) 371-0147 Fax
**Counsel for Plaintiff**

AND I FURTHER CERTIFY that on such date I served the foregoing on the following non-CM/ECF Participants in the manner indicated: None

/s/ Bryan E. Mouber
**BRYAN E. MOUBER**

4833-2395-3433, v. 1

4

# EXHIBIT A

In the District Court of Wyandotte County, Kansas

Ronald P. Taylor,

                Plaintiff,

vs.

Trans Union LLC

                Defendant.

Case Number: 14CV164

Division: _____

Chapter 60

FILED 2014 FEB 11 PM 3:54 CLERK DISTRICT COURT WYANDOTTE COUNTY KANSAS BY ___ DEPUTY

## PETITION

COMES NOW Plaintiff, by and through counsel, and for Plaintiff's causes of action against Defendant states as follows:

### PRELIMINARY STATEMENT

This is an action for damages brought by an individual consumer against the Defendant for violations of the Fair Credit Reporting Act (hereafter FCRA) 15 U.S.C. §1681 *et seq.*

### JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 15 U.S.C. §1681p and 28 U.S.C. §1331.

2. Venue lies properly in this district pursuant to 28 U.S.C. §1391(b).

### PARTIES

3. Plaintiff is a resident of Kansas.

4. Defendant Trans Union Information Solutions Inc. (Trans Union) is a Delaware corporation.

5. At all times relevant hereto, Defendant Trans Union was and is engaged in the business of credit reporting, all within Kansas.

6. As of November 15, 2013, Plaintiff's credit report with Defendant reported that he was deceased, which he is not, which caused credit to be denied.

7. This report has been shared with creditors and is inaccurate.

8. At all times pertinent hereto, Trans Union was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b) and (f).

9. At all times pertinent hereto, the Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

10. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

11. Defendant have been reporting and/or reinserting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties (hereafter the "inaccurate information").

12. The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor, and Plaintiff's credit worthiness. The inaccurate information consists of accounts and/or trade lines that inaccurately reflect Plaintiff's credit history or do not belong to the Plaintiff.

13. As a result of Defendant' conduct, Plaintiff has been denied credit.

14. As a result of Defendant' conduct, Plaintiff has suffered actual damages in the form of credit denial or loss of credit opportunity, credit defamation and emotional distress, including anxiety, frustration, embarrassment and humiliation.

15. At all times pertinent hereto, Defendant were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

16. At all times pertinent hereto, the conduct of the Defendant as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

## COUNT I
### Violations of the FCRA – No reasonable procedures to assure maximum possible accuracy and prevent reporting a judgment that did not exist – Defendant Trans Union.

COMES NOW Plaintiff, and as for Count I against Defendant Trans Union, states and alleges as follows:

17. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

18. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendant are liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on consumer reporting agencies pursuant to 15 U.S.C. §1681e(b) in assuring reasonable procedures to assure maximum possible accuracy to prevent such reinsertions of inaccurate information in Plaintiff's reports.

19. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that is outlined more fully above and, as a result, Defendant is liable to the

Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief as may be permitted by law.

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendant based on the following requested relief:

    a.    Statutory damages;

    b.    Actual damages;

    c.    Costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§1681n and 1681o; and

    d.    Such other and further relief as may be necessary, just and proper.

## Jury Trial Demand

Plaintiff demands trial by jury on all issues so triable.

Respectfully Submitted,

ATTORNEYS FOR PLAINTIFF

A.J. STECKLEIN #16330
MICHAEL RAPP # 25702
Consumer Legal Clinic, LLC
748 Ann Ave
Kansas City, KS 66101
Telephone: (913) 371-0727
Facsimile: (913) 371-0147
Email: aj@kcconsumerlawyer.com
mr@kcconsumerlayer.com

5



$7.190
US POSTAGE
FIRST-CLASS
062S0006727656
66101

CERTIFIED MAIL

7013 2630 0002 0492 2919

Consumer Legal Clinic LLC
748 Ann Avenue
Kansas City, Kansas 66101

Trans Union LLC
Registered Agent:
Prentice Hall Corporation System, Kansas Inc.
2900 SW Wanamaker Drive, Suite 204
Topeka, Kansas 66614